PEOPLE, PLAINTIFF AND APPELLEE, *v.* COLLAZO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution for Voluntary Homicide.

No. 1981.—Decided July 23, 1924.

WRIT OF ERROR—CHANGE OF VENUE—FEDERAL QUESTION.—The right to a change of venue does not emanate from the Constitution or from the Congress of the United States; therefore, the refusal to allow a change of venue does not involve a federal question that may be invoked for carrying the case to the national Supreme Court on a writ of error. The decisions of Mr. Justice Franco in *People* v. *Ibern* and *People* v. *García,* decided August 13, 1923, are approved.

ID.—ID.—ID.—CONSTITUTIONAL LAW—FAIR AND IMPARTIAL TRIAL.—The Sixth Amendment to the Constitution, in so far as it relates to the question raised, is not applicable to Porto Rico, but it is supplied by section 2 of the Jones Act. Therefore, the question of a fair and impartial trial is a matter to be considered by this court and is not a federal question.

The facts are stated in the opinion.

*Mr. J. B. Soto* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This court affirmed the judgment of the District Court of Aguadilla. The defendant and appellant was charged with murder and convicted of voluntary manslaughter. He now prays a writ of error to the Supreme Court of the United States and alleges a violation of his rights as guaranteed by the Sixth Amendment to the Constitution of the United States.

Assuming that the Sixth Amendment applies to Porto

Rico, the principal matter urged upon our attention is that the court below denied a change of venue, the change being sought on an averment of local prejudice. The right to a change of venue is not given by the Organic Act or by any act of Congress. The right is the creation of the local Legislature. The invoked Sixth Amendment provides as follows:

"Article VI.—In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defence."

It would seem to follow inevitably that short of a showing that the defendant did not in fact have a fair and impartial trial the mere denial of a change of venue based on an alleged local prejudice involves no federal question. On the contrary, the Sixth Amendment more particularly assures a defendant a trial in the district where the crime was committed. In *Fajardo* v. *Soto Nussa,* 23 P.R.R. 77, the constitutional right of the Legislature to allow a change of venue was questioned and decided affirmatively by this court.

The matter of a change of venue to one side, we are presented with the question whether the appellant made such a showing of prejudice or other undue element that would take the case out of the realm of ordinary error into the field where he was denied a fair and impartial trial, so as to constitute an infraction of the Sixth Amendment. If in any given case the attention is focussed on any supposed error and the appellate court ought to have reversed on that ground, it might conceivably be urged that the defendant did not have a fair and impartial trial. We take it, however, that the Sixth Amendment does not refer to cases

where the courts have been fallible, but to those where the error transcends the ordinary fallibility to which we are susceptible. At this point it seems well to say that we might have spared ourselves considerable heartsearchings if we had immediately resolved all doubts in favor of appellant, but we felt that we owed a duty to The People of Porto Rico that its judgments should not be delayed by appeals that essentially do not lie. Generally the kind of local prejudice which gives rise to an unfair trial finds its manifestation even up to the time of the trial, or there has been a real public clamor or some violent movement against defendant or some other notorious public demonstration. Nothing of the kind occurred here.

On the contrary, the record shows no sign of an unfair trial other than the affidavit of Font, to which our main opinion refers. Supplementing our argument in this regard, we may add that at the time of the examination of the talesmen in this case the defendant had abandoned his theory of local prejudice or failed to attempt to show it in his examination of the jurymen. The record does not disclose that any proposed juryman confessed to any prejudice or that any juryman had to be excused or challenged on that account. There was absolutely no attempted showing of local prejudice or other undue element other than expressed in the affidavits accompanying the motion for a change of venue. We have a right to assume from the record that when the case was called for trial there was no significant prejudice. *De non apparentibus et de non existentibus eadem est ratio.*

In the absence of a showing the presumption of no prejudice extends to the juryman to whom the affiant Font refers. If when he spoke to Font the juryman had a prejudice it must be presumed to have vanished at the time of the trial. Opportunity there was to examine the juryman and show his prejudice, and the presumption, after the trial, would go so far that defendant did in fact examine the jury-

man on his *voir dire.* There is not the faintest showing or suggestion otherwise that any juryman who sat in the case was actually prejudiced.

Beyond the supposition that any error whatsoever might raise a federal question, none was raised in this case, and the jurisprudence of this court invoked in the cases of *People* v. *Ibern* and *People* v. *Gracia,* orders of August 13, 1923, is applicable.

However, we do not think that in the manner sought the Sixth Amendment is applicable to Porto Rico. Section 2 of our Organic Act is, in part, as follows:

"That in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel for his defense, to be informed of the nature and cause of the accusation, to have a copy thereof, to have a speedy and public trial, to be confronted with the witnesses against him, and to have compulsory process for obtaining witnesses in his favor."

Congress has made a local provision applicable to Porto Rico and under the decisions in *People* v. *Muratti,* 245 U. S. 639, and *People* v. *Balzac,* 258 U. S. 298, the Sixth Amendment as such does not apply although its counterpart in the Organic Act does. Hence the question of a fair and impartial trial is a matter for this court and involves no federal question. As complementary to this, Congress has given a defendant a right to apply to the Supreme Court of the United States for a certiorari. Section 246 of the Judicial Code as amended by the Act of January 28, 1915, and continued in force by the Organic Act, section 43.

The application must be denied.

*Writ denied.*

Chief Justice Del Toro and Justices Aldrey and Franco Soto concurred.

Mr. Justice Hutchison concurred in the result.